**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BOBBY RAY RICKMAN** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 1:17-CV-1136** |
| | § | |
| **SIN WAGON TRANSPORT, LTD.** | § | **JURY TRIAL DEMANDED** |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

Plaintiff, Bobby Ray Rickman, files this Original Complaint complaining of Sin Wagon Transport, Ltd., Defendant.

**I.**
**PARTIES, JURISDICTION AND VENUE**

1.     This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.     Venue is proper in the Western District Court pursuant to section 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred in the Western District of Texas, and 28 U.S.C. 1391(a) & (c).  In particular, Defendant is a Michigan company that maintains a presence in this district, which presence is sufficient to establish personal jurisdiction over said Defendant.

3.     Parties to this suit are:

Plaintiff:     Bobby Ray Rickman who resides in Frankston, Texas.

Defendant:     Sin Wagon Transport, Ltd. is a Michigan company who may be served by

serving its Registered Agent, William S. Denison, P. O. Box 73, Belleville, Michigan 48112.

## II.
## NATURE OF THE ACTION

4.      On or about December 3, 2016, Plaintiff Bobby Ray Rickman was traveling northbound on Interstate 35 in McLennan County, Texas, driving a 2015 Peterbilt tractor/trailer rig. Traveling behind Mr. Rickman was a 2002 Freightliner tractor trailer rig driven by James Travnick owned by Defendant Sin Wagon Transport, Ltd.  A wreck had occurred on Interstate 35 ahead of Mr. Rickman and he began slowing down because of the traffic in front of him.  Mr. Travnick did not properly slow down and crashed into the tractor trailer rig of Mr. Rickman.

Mr. Travnick chose not to pay attention and keep a proper lookout; he chose not to properly slow down; and he chose not to take the appropriate evasive action to avoid crashing into the rear of Mr. Rickman, putting Mr. Rickman and the other traveling public in serious danger.

5.      At the time of the collision in question, Mr. Travnick was an employee in the course and scope of his employment with Defendant, and was driving a company vehicle.  As a result of Mr. Travnick's negligence, Mr. Rickman suffered severe and debilitating injuries.

6.      James Travnick was negligent in the manner in which he operated his company vehicle.  Said negligence proximately caused the severe and traumatic injuries and damages to Mr. Rickman.

7.      At all times material hereto, James Travnick was employed by Sin Wagon Transport, Ltd.., and was acting at its direction and for its benefit, and was engaged in accomplishing a task for which he was employed by Defendant.  Defendant is legally liable for its' employee's negligent acts pursuant to the theories of *respondeat superior* and vicarious liability.

8.      Whenever it is alleged in this Complaint that Defendant did any act or thing, it is meant that Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant, or was done in the normal routine course of the agency or employment of Defendant.

## III.
## ACTUAL DAMAGES

9.      Bobby Ray Rickman was 61 years old at the time of his injuries, the effects of which will continue for the remainder of his life.  He was in good health and enjoyed an outgoing lifestyle. Before his injuries, Mr. Rickman was industrious and energetic.  As a result of the negligent and careless actions of Defendant, Mr. Rickman has suffered serious injuries to his shoulder, back and hip generally.

10.     Mr. Rickman seeks damages which will reasonably and fairly compensate him for the following losses:

a.      Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by him as a result of the occurrence in question;

b.      Medical expenses, meaning the medical expenses which have been incurred on behalf of the medical care for Mr. Rickman in the past, and which will in reasonable probability be incurred in the future;

c.      Physical impairment, both past and future; and

d.      Loss of earnings and loss of earning capacity, past and future

---

## PRAYER

11.     Plaintiff requests that the Defendant be cited to appear and answer, and that on final

trial Plaintiff have:

a.      All actual, economic and compensatory damages in an amount in excess of the

minimum jurisdictional limits of the Court;

b.      Prejudgment and postjudgment interest at the legal rate, costs of court, and

c.      Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

12.     Plaintiff makes a demand for a jury trial in accordance with Federal Rules of Civil

Procedure 38.

Respectfully submitted,

LAW OFFICE OF KEITH MILLER
100 E. Ferguson, Suite 101
Tyler, Texas 75702
Telephone: (903) 597-4090
Facsimile:  (903) 597-3692
Keith Miller
State Bar No. 14093750

ERSKINE & McMAHON, L.L.P.
P. O. Box 3485
Longview, Texas 75606
Telephone: (903)757-8435
Facsimile: (903)757-9429

By:   /s/ Blake C. Erskine
        Blake C. Erskine
        State Bar No. 06649000
        blakee@erskine-mcmahon.com

ATTORNEYS FOR PLAINTIFF